# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:06cv202

| | | |
|---|---|---|
| ANGELA O. GRIMMITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| GLEN CANNON COUNTRY CLUB, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss. In sum, defendant alleges that plaintiff, having left off the "Inc." in its name, failed to properly name it in the Complaint and that plaintiff, thereinafter, failed to properly serve the defendant inasmuch as she mailed the process package to "Glen Cannon Country Club" rather than to an officer, director, or managing agent of the corporation. Plaintiff is proceeding *pro se*.

Defendant argues in her brief (without citation to any authority), that "any amendment to Plaintiff's Complaint to name the proper party defendant is time barred." Docket Entry 9, at 3. Because this is a inadvertent misstatement of the law, the court will not enter a <u>Roseboro</u> Order at this time, which would have advised plaintiff as to the manner of responding to defendant's dispositive motion, but instead will instruct plaintiff as to the relief that is in fact available to her as a matter of law.

First and foremost, defendant has not filed an Answer, but has instead filed only a Motion to Dismiss. This is crucial to the issue of whether plaintiff can amend

-1-

her Complaint. Plaintiff is advised that because defendant has not filed its Answer, she is entitled to amend her Complaint and file such Amended Complaint with the court. Fed.R.Civ.P. 15(a). She does not even need to seek permission from the court to do so. Id. Specifically, plaintiff is advised that she may file a document entitled "Amended Complaint" and change the caption as well as the allegations of the Amended Complaint to name "Glen Cannon Country Club, Inc."

Second, plaintiff is advised that the issue of whether her amendment would "relate back" to the date the original Complaint was filed is governed by the Federal Rules of Civil Procedure. Assuming without deciding that none of the statutory language providing for any claim speaks to relation back, the issue of whether any such amendment will relate back to the original filing is an issue of law under Rule 15(c), which provides in relevant part, as follows:

> **(c) Relation Back of Amendments.**
> An amendment of a pleading relates back to the date of the original pleading when
> * * *
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). The issue of whether a statute bars relation back or whether Rule

15(c) allows such relation back may be raised by defendant, if necessary, by defendant in a Second Motion to Dismiss the Amended Complaint.

Finally, plaintiff is obligated to serve such Amended Complaint properly on the defendant. At this point, the court must point out its own error in the original Order allowing plaintiff to proceed *in forma pauperis*. The undersigned did not check the block for service of process by the United States Marshal. A person who is unable to afford paying the filing fee is presumptively unable to pay the costs of service of process. Where as here *in forma pauperis* status is granted,

> [t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

28 U.S.C. § 1915(d). Thus, plaintiff should file her Amended Complaint with the court and fill out a new summons for an officer, managing, or general agent of Glen Cannon Country Club, Inc., which appears to be "Ms. Jenny Thomas as general agent of Glen Cannon Country Club, Inc."

By allowing amendment, the Motion to Dismiss is moot as a matter of law and will not be the subject of a separate recommendation. Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint···· Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same).

Plaintiff is, finally, advised that she <u>may</u> wish to forego amending her Complaint and simply respond to the Motion to Dismiss. The court advises plaintiff that her better course of action is to amend her Complaint.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff either file an Amended Complaint and a proposed summons as specified above or respond to defendant's Motion to Dismiss by February 9, 2007.

**IN ACCORDANCE WITH 28 U.S.C. § 1951(d),** the Clerk of this court is instructed, upon receipt of the Amended Complaint, to reissue process and to provide such process along with sufficient service copies of the Amended Complaint, as well as copies of all Orders in this case, to the United States Marshal and that the United States Marshal serve a copy of the Amended Complaint, Summons, this Order and the previous Order of this Court upon the defendant(s) as directed by the plaintiff. All costs of service shall be advanced by the United States.

**IT IS FURTHER ORDERED** that upon the filing of an Amended Complaint,

defendant's Motion to Dismiss shall be deemed, without prejudice, as moot.

Signed: January 29, 2007

Dennis L. Howell
United States Magistrate Judge